UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| ANTHONY DEAN JONES #193539, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:06-cv-66 |
| | ) | |
| v. | ) | HON. ROBERT HOLMES BELL |
| | ) | |
| GEORGE W. BUSH, et al., | ) | |
| | ) | **OPINION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.     Factual Allegations

Plaintiff Anthony Dean Jones, an inmate at the Chippewa Correctional Facility (URF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants U.S. President George Bush, U.S. Secretary of State Condoleeza Rice, the Central Intelligence Agency (CIA), and the Federal Bureau of Investigation (FBI). Plaintiff states that he wrote several letters to Defendants which contained information regarding terrorism cells and leaders, as well as Saddam Hussein and his followers. Plaintiff claims that these letters were read by terrorism cells at URF and Plaintiff is now receiving death threats, threats of false charges, and false misconducts.

Plaintiff alleges that on January 5, 2006, he was stabbed. Plaintiff further contends that he is being tortured by staff and that he has informed Defendants of his situation, without avail. Plaintiff seeks an order compelling Defendants to investigate the matter, to provide him with federal protection and an attorney, and compensatory damages in the amount of $785,000.00.

II.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177, 114 S. Ct. 1218 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive

rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

Plaintiff's action purports to have been filed pursuant to 42 U.S.C. § 1983. However, the only named Defendants in this case are federal officials and agencies. The court notes that an action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), is the appropriate vehicle for redressing constitutional claims against federal officials, while Section 1983 is the appropriate action against state officials. *Vector Research, Inc. v. Howard & Howard Attorneys, P.C.*, 76 F.3d 692, 698 (6th Cir. 1996). Therefore, the court will construe Plaintiff's complaint as having been filed pursuant to *Bivens*.

The right Plaintiff alleges was violated in this case is his right to have his claims investigated by the Defendants. However, no such right exists. *White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D. Ohio, Sept. 18, 2002); *Langworthy v. Dean*, 37 F. Supp. 2d 417, 422 (D. Maryland, Feb. 8, 1999) (both citing *DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 195, 109 S. Ct. 998 (1989)). "No federal appellate court, including the Supreme Court . . . has recognized that there is a federally enforceable right for the victim [of a crime] to have criminal charges investigated at all." *White*, 217 F. Supp. 2d at 841-42; *Langworthy*, 37 F. Supp. 2d at 422. The conclusion that such a right does not exist is supported by the fact that there is no federally protected right to compel the prosecution of a criminal activity. *Diamond v. Charles*, 476 U.S. 54, 63, 106 S. Ct. 1697, 1704 (1986); *Linda R. S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 1149 (1973); *Associated Builders & Contractors v. Perry*, 16 F.3d 688, 691-92 (6th Cir. 1994). Therefore, because Plaintiff has not shown the deprivation of a federally protected right, his complaint is properly dismissed.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Date:     April 11, 2006                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            CHIEF UNITED STATES DISTRICT JUDGE